IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY | ) | |
| OF CANADA, | ) | |
| | ) | |
| v. | ) | NO. 3:15-00543 |
| | ) | |
| DEBORA SCHINDELDECKER, | ) | |
| Individually and as Legal Representative of | ) | |
| the ESTATE OF JAMES SCHINDELDECKER, | ) | |
| Deceased, MEGAN SCHINDELDECKER, | ) | |
| JESSICA SCHINDELDECKER, and | ) | |
| JULIE POWELL | ) | |

TO:    Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 25, 2015 (Docket Entry No. 13), the Court referred this action to the

Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report

and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to

conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending is the motion (Docket Entry No. 22) of Plaintiff Sun Life Assurance

Company of Canada ("Sun Life") for leave to deposit interpleader funds into the Court's registry, for

its attorneys' fees and costs, and for dismissal from the action.  Set forth below is the Court's

recommendation for the motion and disposition of the action.

### I.  BACKGROUND

James Schindeldecker (the "Decedent") was a former employee of CCI Systems, Inc. ("CCI")

whose life was insured under a group term life insurance policy, number 219985-001, issued by Sun

Life Assurance Company of Canada ("Sun Life") for the benefit of eligible CCI employees (the "Policy"). *See* Docket Entry No. 1-3. As a result of Decedent's death on December 1, 2014, life insurance proceeds in the amount of $45,000.00 (the "Proceeds") became payable under the Policy.

Surviving Decedent were his wife, Debora Schindeldecker,[1] and three daughters – Megan Schindeldecker, Jessica (Wilson) Schindeldecker, and Julie Powell. Debora Schindeldecker, Julie Powell, and Jessica Schindeldecker each filed a claim with Sun Life seeking the Proceeds. *See* Docket Entry Nos. 1-5 and 1-7. As a result of the multiple claims, Sun Life issued the claimants a letter, dated March 26, 2015, stating that "according to the materials provided to Sun Life, there is no named beneficiary of the Policy on record" and that Sun Life is "unable to determine which party is entitled to [the death benefit.]" *See* Docket Entry No. 1-9 at 2. Sun Life advised the parties that it would file a lawsuit in federal court to determine the proper beneficiary under the Policy unless a joint stipulation was reached concerning the proceeds. *Id*.

No such stipulation was reached, and Sun Life commenced this interpleader action on May 11, 2015. Sun Life's complaint names Decedent's wife and his three daughters as defendants and asserts that competing claims have been made upon the Proceeds. Pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335, Sun Life seeks (i) to deposit the Proceeds into the registry of the Court pending a determination of entitlement to the Proceeds, (ii) a discharge from this action and from any and all liability related to the Proceeds upon their deposit into the Court's registry, and (iii) an order enjoining Defendants from initiating any action against Plaintiff regarding the Proceeds. *See* Complaint (Docket Entry No. 1). Sun Life avers that jurisdiction exists

---

[1] On February 10, 2015, Debora Schindeldecker was authorized by the Chancery (Probate) Court for Sumner, County, Tennessee to file a Small Estate Affidavit and to act as the legal representative of the estate. *See* Docket Entry No. 1-6.

under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the Policy is part of an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*., and under 28 U.S.C. § 1335.

Defendant Julie Powell ("Powell") filed a *pro se* response to the complaint asserting that she and her sisters are entitled to a share of the Proceeds because of the care and assistance they provided to Decedent in the last months of his life and because Decedent and Debora Schindeldecker had become estranged and lived in separate states in the year(s) prior to his death. *See* Docket Entry No. 9. Although Defendants Megan Schindeldecker and Jessica Schindeldecker were served with process, *see* Docket Entry Nos. 6 and 17, neither of these defendants has answered or otherwise responded to the complaint. Defendant Debora Schindeldecker, individually and in her capacity as a legal representative of Decedent's estate, filed an answer (Docket Entry No. 25).

Only Defendant Debora Schindeldecker has responded to Sun Life's pending motion. *See* Docket Entry No. 26. Defendant Debora Schindeldecker contests the necessity of interpleading the Proceeds to the Court, arguing that, in accordance with the terms of the Policy, the Proceeds should have been paid to her as the legal representative of Decedent's estate for distribution to his heirs in accordance with Tennessee law and that Sun Life should have known that the claims made by Decedent's daughters were not valid. *Id*. Thus, Defendant Debora Schindeldecker disputes that there was a need for the instant lawsuit to be filed and disputes that Sun Life is entitled to reimbursement for any attorneys' fees or costs arising from the filing of this lawsuit, fees and costs which the Defendant argues are excessive in light of the amount of the Proceeds and the facts of this case. *Id*.

## II. ANALYSIS

A. Interpleader

Interpleader is an equitable proceeding that provides a party facing the prospect of defending multiple claims to a limited fund under its control with a mechanism to settle the controversy and satisfy its obligation in a single proceeding. *U.S. v. High Tech. Prods., Inc.*, 497 F.3d 637, 641–42 (6th Cir. 2007). Sun Life properly invoked the statutory remedy of interpleader that is provided by 28 U.S.C. § 1335 when it faced multiple claims to the Proceeds by the apparent heirs of Decedent. Section 1335 allows interpleader where two or more claimants are "claiming or may claim" to be entitled to money or property. 28 U .S.C. § 1335(a)(1).

There is no requirement in Section 1335 that the party filing a statutory interpleader action perform any kind of investigation into the claims. *Jackson Nat. Life Ins. Co. v. Poole*, 2015 WL 276632, *4 (M.D. Tenn. Jan. 22, 2015) (Trauger, J.). It is "precisely the purpose of an interpleader action to remove the holder of the proceeds from the equation and allow a neutral third party to make determinations as to who is actually entitled to payment." *Id*. There is no merit to Defendant Debora Schindeldecker's argument that Sun Life was somehow in the wrong when it viewed all the claims for the Proceeds as legitimate competing claims and filed this lawsuit "to wipe its hands clean of the life insurance proceeds and avoid any liability." *See* Docket Entry No. 26 at 3.

Sun Life promptly commenced this interpleader action in the face of the multiple claims against the Proceeds. No legitimate objection to the interpleader action has been made. Sun Life is entitled to be discharged from further involvement in this matter and to be insulated from liability concerning distribution of the Proceeds.

B. Distribution of the Proceeds

The second stage of an interpleader action involves the determination of the proper distribution of the funds at issue and normally occurs after the funds have been deposited into the Court's registry. *See High Tech. Products, Inc.*, 497 F.3d at 641. Generally, the Court sets out a period of additional pretrial proceedings and the interpleaded defendants engage in litigation to support their arguments regarding distribution of the funds at issue. *Id*.

However, based upon the history of the instant action, further proceedings and the formal procedure of depositing the funds into the Court's registry are not necessary. Defendant Julie Powell proceeds *pro se* and has fully presented in her answer her arguments as to why she believes that she and her sisters are entitled to the Proceeds. *See* Docket Entry No. 9. Defendant Debora Schindeldecker has likewise fully presented her arguments regarding her claim to the Proceeds via her answer and her response to Sun Life's motion. *See* Docket Entry Nos 25 and 26. Defendants Megan and Jessica Schindeldecker have not responded in any manner to the complaint. The Court sees no reason to further delay resolution of the ultimate question of who is entitled to the Proceeds or to require that the Proceeds be deposited into the Court's registry prior to determining this question.

None of the Defendants dispute that the life insurance policy at issue is an "employee welfare benefit plan" that is governed by ERISA as asserted by Sun Life. Accordingly, the plan is to be administered, and the Proceeds to be paid out, in accordance with the documents and instruments governing the plan. *Unicare Life & Health Ins. Co. v. Craig*, 157 Fed.App'x 787, 791 (6th Cir. Sept. 22, 2005); *Cent. States, Se. & Sw. Areas Pension Fund v. Howell*, 227 F.3d 672, 678 (6th Cir. 2000).

Section IV of the Policy provides that:

> If Sun Life receives Notice and Proof of Claim that an Employee died while insured, then Sun Life will pay the amount of Life Insurance in force on the Employee's date of death.

*See* Docket Entry No. 1-3 at 16. Section VII.E of the Policy provides for payment of claims and states that:

> Benefits, other than Survivor Benefits, payable upon the death of the Employee are payable to the Beneficiary living at the time (other than the Employer). Unless otherwise specified, if more than one Beneficiary survives the Employee, all surviving Beneficiaries will share equally. If no Beneficiary is alive on the date of the Employee's death, payment will be made to the Employee's estate.

*Id*. at 37. Section II provides the definitions applicable to the life insurance provisions and defines "Beneficiary" as:

> the person (other than the Employer) who is entitled to receive death benefit proceeds as they become due under this Policy. A Beneficiary must be named by the Employee on a form acceptable to Sun Life and executed by the Employee.

*Id*. at 10.

The evidence before the Court is that Decedent had not designated a Beneficiary under the terms of the Policy. *See* Affidavit of Jennifer Locke (Docket Entry No. 39-1) at ¶ 4. The Policy does not contain specific language directing what should occur with the Proceeds if a Beneficiary has not been named by the employee in accordance with the terms of the Policy. However, Section VII.E of the Policy provides that payment of the Proceeds to the estate of the employee is the default provision in a situation in which no Beneficiary who is named under the Policy is alive at the time of the death of the employee. This situation is essentially the same as the situation in which no Beneficiary exists because an employee has not named a Beneficiary prior to his death. In both situations, there is no effective designation by the employee that controls who should gain the Proceeds. The Court finds

6

that the most reasonable construction of the Policy is that the default provision of Section VII.E likewise applies to the facts of the instant action. In the absence of a Beneficiary designation by Decedent made in accordance with the terms of the Policy, the Proceeds are payable to the estate of Decedent.

The arguments and assertions made by Defendant Julie Powell in response to the complaint as to why she believes she has a claim to the Proceeds are not based on any language of the Policy or upon facts related to the designation of a Beneficiary under the terms of the Policy. Who has the rightful and legal claim to the Proceeds is based upon the narrow legal issue of whether a Beneficiary exists under the Policy and how the Proceeds are to be paid in the absence of a Beneficiary. A "claim" under the Policy is something entirely different than "claims" that may be made against Decedent's estate in the state probate court. The types of argument made by Defendant Powell for how Decedent's estate should be divided are simply not relevant to the issue before the Court.

C. Sun Life's Request for Attorneys' Fees and Costs

Sun Life requests that it be awarded $5,107.00 in reasonable attorneys' fees and $550.80 in costs for filing and prosecuting this action and that this amount be deducted from the $45,000.00 of life insurance proceeds. *See* Docket Entry No. 22 at 2-3, ¶ 9. Sun Life supports its request with the Affidavit of Attorney Brandon B. Cate. *See* Docket Entry No. 22-1. Sun Life argues that, as a disinterested stakeholder who properly brought an interpleader action, it is entitled to a discretionary award of its reasonable attorneys' fees and costs. *See* Docket Entry No. 22 at 4-5. Defendant Debora Schindeldecker disputes that the Proceeds should be diminished by any award of attorneys' fees and costs because the Proceeds clearly should have been paid to Decedent's estate under the Policy. *See*

7

Docket Entry No. 26 at 2-4. The Defendant further argues that (i) the amount of fees and costs

requested is inappropriate given that this amount is over 12.5 % of the total amount of the Proceeds

and excessive given that the issues involved are not complicated, and (ii) the request for fees for work

by the two attorneys other than Mr. Cate is not properly supported. *Id*. at 5.

Sun Life is correct that case law from this Circuit affirms that a federal court has the

discretion to award costs and attorneys' fees to a stakeholder who brings an interpleader action and

that the Sixth Circuit noted in *Holmes v. Artists Rights Enf't Corp.*, 148 Fed.App'x 252 (6th Cir.

2005), a test for when an interpleading party is entitled to recover costs and attorneys' fees that

involves a minimal showing that the party is "(1) a disinterested stakeholder, (2) who has conceded

liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from

liability." *Id*. at 259 (citing *Septembertide Publishing v. Stein and Day*, 884 F.2d 675 (2d Cir. 1989)).

*See also Jackson Nat. Life Ins. Co.*, *supra* (awarding fees in interpleader case).

However, the Sixth Circuit in *Holmes* also noted that "reasonableness" is a limiting factor for

any award and that the Court's discretion is also guided by what is "fair and equitable."

148 Fed.App'x at 259. Along this vein, the Court relies upon *Unum Life Ins. Co. of Am. v. Kelling*,

170 F.Supp.2d 792 (M.D. Tenn. 2001), for the conclusion that Sun Life is not entitled to the award

of attorneys' fees and costs that it seeks. *Unum Life Ins. Co of Am.* sets out a persuasive analysis of

why the costs of an interpleader lawsuit to resolve competing claims for insurance proceeds should

be viewed as an expense that arises in the ordinary course of the business of an insurance company

and one that should not be passed along to the ultimate beneficiary by means of an award of fees and

costs to the insurance company. Accordingly, the court in *Unum Life Ins. Co of Am.* found that an

insurance company in a routine interpleader case is an exception to the general rule that fees and costs

should be awarded to a mere stakeholder bringing a necessary interpleader action. The Court views *Unum Life Ins. Co of Am.* as squarely on point with the instant action and adopts the reasoning set out in that decision to deny Sun Life an award of attorney' fees and costs in this entirely unremarkable interpleader case. *See also USAA Life Ins. Co. v. Space*, 2015 WL 3407323, *5 (W.D. Ky. May 26, 2015); *Am. Int'l Life Assur. Co. of New York v. Burger*, 2006 WL 3497287, *3 (E.D. Mich. Dec. 1, 2006); *Brown v. Metro. Life Ins. Co.,* 2003 WL 21938768, *1 (E.D. Tenn. June 12, 2003); *Sun Life Assurance Co. of Canada v. Thomas*, 735 F.Supp. 730, 732 (W.D. Mich.1990).

## RECOMMENDATION

Based upon the foregoing, the Court respectfully RECOMMENDS that:

1) Plaintiff Sun Life be directed to pay to the Estate of James Schindeldecker the life insurance proceeds of $45,000.00 for group term life insurance policy, number 219985-001, issued on the life of James Schindeldecker that are currently held by Plaintiff Sun Life;

2) the pending motion (Docket Entry No. 22) of Plaintiff Sun Life be GRANTED in part to the extent that (i) Sun Life, upon the payment of the life insurance proceeds to the Estate of James Schindeldecker, should be released and discharged from any and all liability related to the life insurance proceeds, and (ii) all parties should be enjoined from initiating an action against Sun Life regarding the life insurance proceeds;

3) the pending motion (Docket Entry No. 22) of Plaintiff Sun Life be DENIED to the extent that Sun Life requests an award of attorneys' fees and costs; and

4) this action be DISMISSED as to all parties.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge